# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand sixteen.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
EDWARD R. KORMAN,
*District Judge.*\*

---

UNITED STATES OF AMERICA,

*Appellee*,

v.

VINCENT CLARK, RICHARD ANDERSON, PHILIP BRYANT, ROBERT SANTOS,

*Defendants-Appellants.*\*\*

Nos. 14-4656-cr(L),
15-238-cr(CON),
15-660-cr(CON),
15-924-cr(CON)

---

\* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

\*\* The Clerk of Court is directed to amend the case caption as set forth above.

| FOR DEFENDANTS-APPELLANTS: | JOHN MERINGOLO, Meringolo Law, New York, NY, *for Defendant-Appellant Richard Anderson;* |
| --- | --- |
| | DAVID A. MORAGHAN, Smith, Keefe, Moraghan & Waterfall, Torrington, CT, *for Defendant-Appellant Philip Bryant;* |
| | Vito Castignoli, Milford, CT, *for Defendant-Appellant Vincent Clark;* |
| | RICHARD A. REEVE (Allison M. Near, *on the brief*), Sheehan, Reeve & Near, New Haven, CT, *for Defendant-Appellant Robert Santos.* |
| FOR APPELLEE: | MARC H. SILVERMAN (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeals from judgments of the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of conviction with respect to defendants-appellants Richard Anderson, Philip Bryant, and Robert Santos are **AFFIRMED**; the <u>Anders</u> motion with respect to defendant-appellant Vincent Clark is **GRANTED**; the Government's motion to dismiss with respect to the appeal of Clark's terms of imprisonment and supervised release is **GRANTED**;

and the Government's motion to dismiss with respect to the appeal of Clark's special assessment is construed as a motion for summary affirmance and is **GRANTED**.

Defendants Anderson, Bryant, Clark, and Santos appeal judgments of the District Court (Burns, J.) following their convictions of narcotics offenses in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846.   We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision.

First, Anderson challenges the District Court's conduct during trial, alleging among other things that its failure to rule on evidentiary objections deprived him of a fair trial.   We disagree because Anderson has not demonstrated any prejudice resulting from the District Court's alleged errors.

Bryant, Anderson, and Santos also challenge evidentiary rulings made by the District Court.   None of the rulings were "manifestly erroneous," nor, in any event, did any of the evidence admitted as a result of the challenged rulings "affect[] [the defendants'] substantial rights."   United States v. Lee, —F.3d —, 2016 WL 4173425, at *12 (2d Cir. Aug. 8, 2016) (quotation marks omitted).

Bryant separately contends that the evidence showed multiple conspiracies among Kevin Wilson and the defendants-appellants, not the single conspiracy

3

alleged in the indictment. Bryant's argument lacks merit. A rational jury could find that "each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal." United States v. Sureff, 15 F.3d 225, 229 (2d Cir. 1994) (quoting United States v. Maldonado-Rivera, 922 F.2d 934, 963 (2d Cir. 1990)).

We next address Santos's argument that he never reached a "meeting of the minds" with Wilson regarding narcotics distribution because he intended to rob Wilson all along, and that the District Court should have provided a jury instruction on this defense. The District Court adequately instructed the jury on the meeting-of-the-minds requirement, and Santos was permitted to (and did) make this argument to the jury in any event. See United States v. Rowland, 826 F.3d 100, 115–16 (2d Cir. 2016); United States v. Vasquez, 82 F.3d 574, 577–78 (2d Cir. 1996). For similar reasons, we reject Santos's challenge to the District Court's buyer-seller instruction. See United States v. Coplan, 703 F.3d 46, 87 (2d Cir. 2012).

Anderson, Bryant, and Santos all challenge aspects of their sentences. All of their contentions lack merit. Contrary to Bryant's assertions, the District Court had ample support in the record, including acquitted conduct, to find that Bryant distributed 196 to 280 grams of cocaine base. United States v. Vaughn,

430 F.3d 518, 526 (2d Cir. 2005). Santos's argument that his prior conviction should have been submitted to the jury is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998). And the District Court properly determined, based on facts confirmed by Anderson during his plea colloquy in state court, that his 2004 conviction qualified as a "controlled substance offense" under § 4B1.2(b) of the Sentencing Guidelines. See United States v. Savage, 542 F.3d 959, 966 (2d Cir. 2008); cf. United States v. Moreno, 821 F.3d 223, 228–29 (2d Cir. 2016). In light of the parties' arguments after briefing, we also conclude that the District Court's determination was consistent with Mathis v. United States, 136 S. Ct. 2243 (2016).

Finally, we address Clark's appeal. Clark pleaded guilty and agreed not to challenge any sentence that did not exceed 175 months' imprisonment, a five-year term of supervised release, and a $10 million fine. Clark now appeals his sentence, which fell within the range set forth in the plea agreement, with the addition of a $100 mandatory special assessment. Counsel for Clark has filed an Anders brief and a simultaneous motion to withdraw as counsel, and the Government has filed a motion to dismiss Clark's appeal. Upon due consideration, the Anders motion is granted. See United States v. Gomez-Perez, 215 F.3d 315, 319, 321 (2d Cir. 2000). We also grant the Government's motion to

dismiss Clark's appeal with respect to Clark's terms of imprisonment and supervised release. Because the special assessment is not mentioned in the appellate waiver provision of Clark's plea agreement, he is not barred from challenging it on appeal. See, e.g., United States v. Cunningham, 292 F.3d 115, 117 (2d Cir. 2002). Nevertheless, any challenge to the special assessment lacks merit. See 18 U.S.C. § 3013.

We have considered all of the defendants' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgments of the District Court with respect to Anderson, Bryant, and Santos are **AFFIRMED**; the Anders motion with respect to Clark is **GRANTED**; the Government's motion to dismiss with respect to the appeal of Clark's terms of imprisonment and supervised release is **GRANTED**; and the Government's motion to dismiss with respect to the appeal of Clark's special assessment is construed as a motion for summary affirmance and is **GRANTED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court